| | |
|---|---|
| **BRANDON MASSEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES GOVERNMENT,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* motion for discovery, (Doc. No. 3), and motion for the appointment of counsel, (Doc. No. 4).

In support of the motion to appoint counsel, Plaintiff states that he is unable to afford counsel, is proceeding *in forma pauperis*, he is incarcerated which will greatly limit his ability to litigate, the issues in the case are complex and will require significant research and investigation, Plaintiff has limited knowledge of the law, and counsel would be better able to present evidence and cross-examine witnesses.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

Plaintiff's discovery motion is premature. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference);

1

Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."). Moreover, routine discovery requests should not be filed with the Court. See Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Therefore, Plaintiffs motion seeking discovery will be denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion Requesting Discovery Process to Occur, (Doc. No. 3), is **DENIED**.

(2) Plaintiff's Request for Appointment of Counsel, (Doc. No. 4), is **DENIED**.

Signed: January 26, 2018

Frank D. Whitney
Chief United States District Judge