UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-744-FDW

| BRANDON MASSEY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| UNITED STATES GOVERNMENT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).

## I. BACKGROUND

*Pro se* Plaintiff Brandon Massey is currently incarcerated at the Pender Correctional Institution in Burgaw, North Carolina. He appears to seek relief from his allegedly illegal conviction and sentence in the Middle District of North Carolina, case number 1:07-cr-364, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] He names as Defendants: The United States Government, Federal Bureau of Prisons ("BOP"), and Federal BOP Medical Staff.

Construing the allegations liberally, Plaintiff appears to allege that he was wrongfully incarcerated on a minimum mandatory sentence for violating 18 U.S.C. § 922(g)(1) that was

---

[1] Section 1983 and Bivens both impose liability on government actors for constitution violations; § 1983 applies to state actors and Bivens applies to federal actors. See generally Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006). Although Plaintiff cites § 1983 rather than Bivens, the Court will liberally construe the *pro se* allegations so as to give effect to their substance, rather than their form. See Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); United States v. Morgan, 346 U.S. 502, 505 (1954) ("In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief.").

1

subsequently vacated. He seeks damages for cruel and unusual punishment and physical, mental, and emotional trauma.

## II. DISCUSSION

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance

of unnecessary problems with conflict of laws. Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989).

Plaintiff presently resides in Pender County in the Eastern District of North Carolina, and he challenges a criminal conviction from the Middle District of North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant,[2] venue would be proper in the Eastern District or Middle District of North Carolina. The Middle District of North Carolina appears to be the most appropriate venue for this action because it is where a substantial part of the events or omissions giving rise to the claims occurred.

**III. CONLUSION**

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina, where the events at issue are alleged to have occurred.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the Middle District of North Carolina

Signed: April 27, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] The Court expresses no opinion about Plaintiff's standing or the procedural viability or merit of his case.