IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON MASSEY,              )
                             )
         Plaintiff,          )
                             )
    v.                       )     1:18CV341
                             )
UNITED STATES GOVERNMENT, et al.,  )
                             )
         Defendant(s).       )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brandon Massey, a former federal prisoner now incarcerated in the custody of the State of North Carolina, submitted a *pro se* complaint under 42 U.S.C. § 1983 to the United States District Court for the Western District of North Carolina, which later transferred the action to this District. Plaintiff names the United States Government, the United States Bureau of Prisons, and the Bureau of Prisons' medical staff as Defendants in the case.[1] He alleges that he was convicted in this Court of violating 18 U.S.C. § 922(g), but that the conviction was later overturned following the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). He seeks to sue the United States Government and Bureau of Prisons for wrongful imprisonment. He also makes an

---

[1] Although filed under § 1983, the Complaint names only federal entities and actors as Defendants, not any state actors. Section 1983 applies only to state actors, which means that suits against federal officials may not be brought via § 1983. District of Columbia v. Carter, 409 U.S. 418 (1973). Plaintiff may proceed pursuant to 28 U.S.C. § 1331 by alleging that federal officers violated his constitutional rights. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Court will consider the current filing as such an action. Such actions are almost always subject to the same principles which govern actions brought pursuant to 42 U.S.C. § 1983. See Carlson v. Green, 446 U.S. 14 (1980).

unexplained statement that he did not receive proper medical care while in federal custody and that he lost parts of his intestines.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted" when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the

2

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

To the extent Plaintiff is intending to raise claims related to the conditions of his confinement, the Court notes that the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) ("[B]ecause there is no statute of limitations for Bivens actions, the district court correctly looked to [state] law."); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to § 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, Plaintiff alleges that he was released from custody in May 2013. Clearly, Plaintiff

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

knew at that time of any claims related to his confinement or his medical treatment while in federal custody.  Nevertheless, Plaintiff did not file this action until December 27, 2017, more than four and one-half years later.  Thus, to the extent Plaintiff seeks to bring a Bivens action against prison officials for events that occurred while he was incarcerated, the Complaint is out of time and should be dismissed.

However, the Court notes that Plaintiff may also be attempting to raise a claim based on an alleged wrongful conviction.  If so, he cannot sue the United States or its agencies under Bivens.  F.D.I.C. v. Meyer, 510 U.S 471, 485-86 (1994). Nevertheless, in considering Plaintiff's contentions, the Court notes that 28 U.S.C. § 1495 allows a claim for damages to be brought in the Court of Federal Claims by any person "unjustly convicted of an offense against the United States and imprisoned."  However, the claimant must satisfy the provisions of 28 U.S.C. § 2513 and obtain a certificate of innocence from the court of conviction.  See United States v. Graham, 608 F.3d 164, 171 (4th Cir. 2010). Plaintiff has not obtained such a certificate from this Court, nor can he.  A person seeking a certificate of innocence must show that (1) his conviction was reversed on the ground that he was not guilty, (2) he either did not commit the acts charged or those acts do not constitute a criminal offense against the United States or any State, Territory, or the District of Columbia, and (3) he did not bring about the prosecution by misconduct or negligence. Id.  Regarding the second requirement, Plaintiff does not, and cannot, claim that he did not commit the acts charged in his criminal case because he pled guilty to possessing a firearm after having a conviction for felony speeding to elude arrest.  United States v. Massey, No. 1:07-cr-364-1, Doc. #3, Doc #16, Minute Entry dated 1-10-2008 (M.D.N.C.).  The Court

later vacated Plaintiff's conviction because his predicate conviction for felony speeding to elude arrest no longer counted as a felony under federal law, but this does not mean that he did not commit the acts charged. Id., Doc. #65, Doc. #67. Plaintiff also cannot show that his acts in possessing the firearm did not constitute an offense against a State because the Court of Appeals for the Fourth Circuit has held that the vacating of a § 922(g) sentence following the decision in Simmons does not provide a basis for a certificate of innocence where the possession of the firearm was still an offense under North Carolina law. See United States v. Mills, 773 F.3d 563 (4th Cir. 2014). North Carolina prohibits felons from possessing firearms and Plaintiff remained a felon under North Carolina law. See N.C. Gen. Stat. §§ 14.1, 14-415.1; Mills, 773 F.3d at 567. Therefore, Plaintiff cannot satisfy the requirements of § 2513 and, to the extent that he seeks a certificate of innocence through his present filing, that request should be denied. The Complaint should be dismissed in its entirety.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, 2nd day of July, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge